UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHEILA CONNER, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CASE NO. 1:13-CV-102 |
| | § | |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security | § | |
| Defendant. | § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation filed on September 17, 2014 (Doc. No. 21), and the Plaintiff's objections (Doc. No. 22). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit. Therefore, the court **ACCEPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits.

In her objections, Conner merely repeats her initial claim that the Appeals Council erroneously weighed and rejected her treating nurse's opinion evidence. Moreover, she claims that

the nurse's opinion dilutes the record such that the denial of benefits is not supported by substantial evidence.

First, the magistrate judge properly found that the Appeals Council was not required to make a detailed discussion of the new evidence from Nurse Hidalgo. The Fifth Circuit has ruled on this issue specifically. Jones v. Astrue, 228 F. App'x 403, 406-07 (5th Cir. 2007) (citing Higginbotham v. Barnhart, 405 F.3d 332, 335 n.1 (5th Cir. 2005) (holding that the Appeals Council was not required to explain its weighing of a doctor's statement as new evidence)). In addition, as a non-acceptable medical source, it is not required that the Commissioner perform a detailed analysis of the opinion under the factors listed under 20 C.F.R. §§ 404. 1527 and 416.927. See Thibodeaux v. Astrue, 324 F. App'x 440 (5th Cir. 2009) (holding that ALJ did not err by failing to perform a detailed analysis of a therapist's opinion under 20 C.F.R. § 404. 1527(d)(2)).

As to Conner's second point of error, she claims the magistrate judge improperly found that the ALJ's decision was supported by substantial evidence by relying on Drs. Waldrep and Rowley, who were non-treating and non-examining physicians. However, in addition to the opinions of Drs. Rawley and Waldrep, ALJ Meyer also relied upon the opinion of examining physician, Dr. Nalluri, in his residual functional capacity (RFC) analysis. The regulations and supporting case law direct that more weight should be given to these three doctors as acceptable medical sources than to a non-acceptable medical source. See Porter v. Barnhart, 200 F. App'x 317, 319 (5th Cir. 2006) (holding ALJ did not err by failing to consider the opinion of a chiropractor because he was not an acceptable medical source); Hayes v. Astrue, No. 3:11-CV-1998-L, 2012 WL 4442411, at *3 (N.D. Tex. Sept. 26, 2012) (explaining that "the ALJ was not required to give [a nurse's] opinions any weight" because she was "not an 'acceptable medical source' "); Nash v. Astrue, No.

3:11–cv–731–CWR–LRA, 2013 WL 4483356, at *6 (S.D. Miss. Aug. 19, 2013) ("As a initial matter, a nurse practitioner is not an 'acceptable medical source' entitled to the same weight as a licensed physician's opinion."). As such, the magistrate judge properly found that the new evidence submitted by Conner did not dilute the existing record to the point that it became insufficiently supported.

Accordingly, the Plaintiffs objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **20** day of **October, 2014.**

_____
Ron Clark, United States District Judge